# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

**MICHAEL MANN,**

    **Plaintiff,**

**v.**

**CENTRAL ALABAMA COMMUNITY COLLEGE, and SUSAN BURROW in her official capacity as President of Central Alabama Community College,**

    **Defendant.**

Civil Action No. 3:19-CV-1028

**DEMAND FOR JURY TRIAL**

## COMPLAINT

### INTRODUCTION

1. Plaintiff brings these claims against Defendants pursuant to The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), on the basis of interference and retaliation. Plaintiff is seeking injunctive, equitable and monetary relief. Plaintiff is seeking a declaratory judgment as to his rights, and a permanent injunction restraining Defendants from maintaining a policy, practice, custom or usage of interference with or retaliation against Plaintiff with respect to his exercise of rights under FMLA. Plaintiff also seeks restitution of all rights, privileges, benefits and income that would have been received but for Defendants' unlawful, discriminatory and retaliatory practices. Further, Plaintiff seeks compensatory and liquidated damages for the wrongs alleged herein.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §1331 and §1343, and 29 U.S.C. § 2601, *et seq.*

3. The Defendants are located and doing business within this judicial district and division. The matters giving rise to this cause occurred within Tallapoosa County, Alabama. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 29 U.S.C. § 2601, *et seq.*, and 28 U.S.C. §1391.

## PARTIES

4. Plaintiff Michael Mann, (hereinafter "Mann" or "Plaintiff") who is over the age of nineteen (19) years, is and at all times material hereto was a citizen of the United States and the State of Alabama, domiciled in Tallapoosa County, Alabama. Plaintiff is and was employed by Defendant Central Alabama Community College ("Defendant CACC") during all relevant times regarding this lawsuit and was an employee within the meaning of the FMLA.

5. Each Defendant is an employer within the meaning of the FMLA. Defendant BOE is a public entity pursuant to 42 U.S.C. §12131(1) and each is doing business in Tallapoosa County, Alabama. At all times relevant hereto, each Defendant was an employer of Plaintiff, and was an employer within the meaning of the FMLA.

6. Defendant Susan Burrow (hereinafter "Defendant Burrow") is an adult citizen of the United States and of the State of Alabama. Defendant Burrow is the President of Defendant CACC and is the individual responsible for the daily operation of Defendant CACC. Defendant Burrow is being sued (for prospective equitable and injunctive relief) in her official capacity as the President as a necessary party for relief.

## FACTS

7. Earlier this year, Plaintiff learned that his mother was dying and needed fulltime care. Plaintiff decided to care for her himself rather than place her in a nursing home. Unfortunately, Defendants refused to allow Plaintiff to care for his mother while on FMLA leave. Instead, Defendants interfered with Plaintiff's leave and suspended him for taking leave.

8. Plaintiff was first employed by Defendant CACC as an industry training specialist beginning in 2004. Plaintiff is still a member of the workforce and development department and has served in various roles over the years.

9. Nearly a decade ago, Amelia Pearson, former Dean of Instruction at Defendant CACC, asked plaintiff to teach Physics during the summer semester.

10. After the fall-and-spring Physics instructor left several years ago, Defendant Burrow asked Plaintiff, in addition to his other duties, to teach Physics courses in the fall and spring semesters in addition to the summer semester.

11. Plaintiff typically teaches Physics 201 and Physics 213 in the summer and fall and Physics 202 and 214 in spring.

12. Defendant Burrow is the President of Defendant CACC. As President, Defendant Burrow was the individual responsible for the daily operation of Defendant CACC at all relevant times.

13. Pursuant to Alabama State law and Defendant CACC's policies and procedures, the President makes all employment actions that are taken against an employee.

14. When Plaintiff's mother deteriorated so badly that he needed to stay home, he did not want to abandon his physics students. So, rather than request fulltime FMLA leave, in February he arranged for a sitter for two days per week when he had classes and requested (and was approved for) FMLA leave on all remaining days.

15. In the spring semester, Plaintiff was only supposed to work Monday and Wednesday each week. And on those days his focus had to be his physics classes and students.

16. A fulltime teacher has 15 hours of classes per semester. Plaintiff was responsible for teaching 8 hours, more than 50%, even though he was only working a 40% schedule.

17. Not surprisingly, physics classes include numerous labs and graded assignments that are extremely demanding. For each student, Plaintiff was required to grade or evaluate four (4) tests, eight (8) lab experiments, eight (8) homework assignments, a final exam, and a required equation sheet covering the complete course—twenty-two (22) graded items per student per class. For 19 students in each of two combined classes, Mr. Mann had to grade a total of 836 items!

18. In addition, instruction time and availability for students before and after class was mandatory for Plaintiff under Defendants.

19. Because Plaintiff was only working a 40% schedule, and because teaching two physics courses was so time intensive, Plaintiff had to prioritize his teaching duties over his duties as a workforce and development officer.

20. Because he held positions in different departments, Plaintiff had two direct supervisors. Douglas Flor was his supervisor as a workforce and development officer. John David "JD" Stark is Plaintiff's current division chair and his supervisor as a physics teacher.

21. Despite his FMLA leave and teaching schedule, Flor refused to eliminate or significantly reduce his duties as a workforce and development officer.

22. When Plaintiff pointed out to Flor that his physics classes had to take priority because he was on FMLA leave 3-days per week, Flor told him that he had to get everything done anyway because he was a salaried employee.

23. Flor began complaining that Mr. Mann was not getting enough work done just a few weeks after Mr. Mann went on FMLA leave. Flor accused Plaintiff of being "insubordinate" because he cannot maintain his original workload while on a 40% schedule.

24. None of the complaints involved the physics classes and students that everyone agreed had to be Mr. Mann's priority.

25. Mr. Mann had no history of being suspended or punished for failure to get his work done in a timely or professional manner.

26. Flor also made a habit of demanding that Mr. Mann work on days when he was originally scheduled to be on FMLA leave (Tuesdays, Thursdays, and Fridays).

27. For example, one-week Flor demanded that Plaintiff prepare a PowerPoint slideshow and make a presentation regarding Defendant CACC's technical courses at a church on a Tuesday, when Plaintiff was on FMLA leave. Rather than turn Flor down because he was on leave, Plaintiff adjusted his schedule and FMLA leave, found a sitter for his mother, and did the presentation.

28. Other times, Flor demanded that Plaintiff respond to emails and telephone calls while he was caring for his mother on FMLA leave.

29. Defendants authorized, supported, reinforced, and adopted all of the actions of Flor toward Plaintiff.

30. The violation of Plaintiff's FMLA rights was explained in detail to Defendants yet they willfully chose to suspend Plaintiff without pay for exercising his rights and taking medical leave under FMLA.

31. After his suspension, Plaintiff returned to work in the summer semester beginning at the end of May 2019.

32. In the summer semester, Plaintiff teaches his physics classes on Tuesday and Thursday and is on FMLA leave the other days.

33. The summer semester is only 10 weeks instead of the standard 16 weeks. As a result, each class session is longer, and more material is covered in each class. The class-related work that Plaintiff had 16 weeks, or 32 days, to perform last semester, but must be completed in 10 weeks, or 20 days.

34. In addition to this heightened physics course schedule, Defendants also assigned an independent study course to Plaintiff to teach during the summer semester. Defendants also continue to assign other projects with no respect for Plaintiff's FMLA leave.

35. Defendants reprimanded and suspended Plaintiff because he missed work due to caring for his mother during her serious illness.

36. Defendants interfered with Plaintiff's rights pursuant to the FMLA and retaliated against him due to his attempt to exercise these rights when it reprimanded and suspended him.

37. Plaintiff's absences were protected under the FMLA as they were related to his care for his mother during her serious health condition.

38. Plaintiff was eligible for leave under the FMLA.

39. Plaintiff complied with all demands and/or requirements of Defendants for receiving FMLA leave.

40. Defendants unreasonably denied and/or interfered with Plaintiff's rights to take family-care medical leave pursuant to the FMLA.

41. As stated hereinabove, Defendants reprimanded Plaintiff and suspended his employment without pay during the pendency of his FMLA leave.

42. Defendants' decision to take the above described adverse employment action was causally connected to the protected activity of invoking leave under the Family and Medical Leave Act.

43. Plaintiff's rights were violated under the FMLA.

## CAUSES OF ACTION

### COUNT ONE - FMLA VIOLATION (INTERFERENCE)

44. Plaintiff was denied full benefits and rights under the FMLA, in that Defendant interfered with the exercise of rights to which he was entitled under the FMLA.

45. Plaintiff was at all times material hereto an eligible employee within the meaning of 29 U.S.C. § 2611(2)(A).

46. Plaintiff's mother had a serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(C), and Plaintiff cared for her.

47. Plaintiff provided Defendants with reasonable notice of his mother's serious health condition and need for leave to care for her.

48. Defendants were aware that Plaintiff's mother had a serious health condition and that Plaintiff needed to care for her.

49. Defendants were aware that Plaintiff qualified for leave under 29 U.S.C. § 2612(b)(1).

50. Plaintiff was entitled to leave under the Family and Medical Leave Act.

51. By virtue of (a) Defendants' refusal to reduce Plaintiff's workload proportionally to his reduced work schedule under FMLA, (b) Defendants requiring Plaintiff to work during FMLA leave, (c) Defendants' reprimands of Plaintiff for failure to accomplish work while on FMLA leave, and (d) Defendants' suspension of Plaintiff, Defendants denied Plaintiff the right to take leave and to return to the same or an equivalent position when he returned from leave as provided under the Family and Medical Leave Act.

52. Plaintiff was denied the rights provided under the Family and Medical Leave Act.

53. Defendants took an employment action adverse to Plaintiff by virtue of (a) Defendants' refusal to reduce Plaintiff's workload proportionally to his reduced work schedule under FMLA, (b) Defendants requiring Plaintiff to work during FMLA leave, (c) Defendants' reprimands of Plaintiff for failure to accomplish work while on FMLA leave, and (d) Defendants' suspension of Plaintiff. Defendants unreasonably denied Plaintiff the right to take leave and to return to the same or an equivalent position when he returned from leave as provided under the Family and Medical Leave Act.

54. The said adverse employment action was taken on the basis of Plaintiff having taken leave, which leave should have been accommodated under the Family and Medical Leave Act.

55. Defendant's actions were in violation of the FMLA and were taken willfully and with malice or reckless indifference to Plaintiff's federally protected rights.

56. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, an injunctive, and a declaratory judgment. Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

57. As a result of Defendants' intentional interference with Plaintiff's rights under the FMLA, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, pecuniary losses, emotional distress, inconvenience, humiliation, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief (all relief is sought against Defendant CACC; only "a." and "f." below are sought against Defendant Burrow):

  a. Injunctive and declaratory relief that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of Plaintiff as secured by FMLA;
  b. Attorneys' fees;
  c. Costs;
  d. Back pay;
  e. Liquidated Damages; and
  f. Such other legal or equitable relief as may be appropriate to effectuate the purpose of the FMLA or to which Plaintiff may be reasonably entitled.

### COUNT TWO - FMLA VIOLATION (RETALIATION)

58. Plaintiff was at all times material hereto an eligible employee within the meaning of 29 U.S.C. § 2611(2)(A).

59. Plaintiff's mother had a serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(C), and Plaintiff cared for her.

60. Plaintiff provided Defendants with reasonable notice of his mother's serious health condition and need for leave to care for her.

61. Defendants were aware that Plaintiff's mother had a serious health condition and that Plaintiff needed to care for her.

62. Defendants were aware that Plaintiff qualified for leave under 29 U.S.C. § 2612(b)(1).

63. Plaintiff was entitled to leave under the Family and Medical Leave Act.

64. Plaintiff was engaged in a statutorily protected activity; to wit: he invoked his rights under the Family and Medical Leave Act.

65. Although they initially approved it, Defendants failed and refused to permit Plaintiff to take leave to accommodate his care of his mother due to her serious health condition.

66. Defendants took an employment action adverse toward Plaintiff, to wit: upon Plaintiff's attempt to exercise his right to medical leave under the FMLA (a) Defendants refused to reduce Plaintiff's workload proportionally to his reduced work schedule under FMLA, (b) Defendants required Plaintiff to work during FMLA leave, (c) Defendants reprimanded Plaintiff for failure to accomplish work while on FMLA leave, and (d) Defendants suspended Plaintiff.

67. The said adverse employment actions was taken on the basis of his having taken leave, which leave should have been accommodated under the Family and Medical Leave Act.

68. Defendants' decision to deny Plaintiff leave and to reprimand and suspend Plaintiff was causally related to the protected activity of invoking leave under the Family and Medical Leave Act.

69. Plaintiff was denied full benefits and rights under the FMLA, in that he was retaliated against based upon his attempted exercise of rights to which he was entitled under the FMLA.

70. Plaintiff engaged in the statutorily-protected activity of applying for FMLA leave and suffered adverse employment decisions when Defendants (a) refused to reduce Plaintiff's workload proportionally to his reduced work schedule under FMLA, (b) required Plaintiff to work during FMLA leave, (c) reprimanded Plaintiff for failure to accomplish work while on FMLA leave, and (d) suspended Plaintiff.

71. Defendants' actions were in violation of the FMLA and were taken willfully and with malice or reckless indifference to Plaintiff's federally protected rights.

72. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, an injunctive and a declaratory judgment. Plaintiff is now suffering and will continue to suffer

irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

73.  As a result of Defendant's retaliation against Plaintiff for attempting to exercise his rights under the FMLA, which resulted in, among other things, multiple reprimands and his suspension, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, pecuniary losses, emotional distress, inconvenience, humiliation, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief (all relief is sought against Defendant CACC; only "a." and "f." below are sought against Defendant Burrow):

   a. Injunctive and declaratory relief that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of Plaintiff as secured by FMLA;
   b. Attorneys' fees;
   c. Costs;
   d. Back pay;
   e. Liquidated Damages; and
   f. Such other legal or equitable relief as may be appropriate to effectuate the purpose of the FMLA or to which Plaintiff may be reasonably entitled.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.**

/s/ Daniel B. Snyder
Daniel B. Snyder
Floyd D. Gaines
Counsel for the Plaintiff
Gaines LLC.
2160 Highland Avenue South, Suite 101
Birmingham, Alabama 35205
205/598-5076

**Defendants to be Served:**

Central Alabama Community College
c/o President Susan Burrow
1675 Cherokee Rd
Alexander City, AL 35010

Susan Burrow
1557 College Street
Alexander City, AL 35010

Alabama Attorney General Steve Marshall
Attorney General's Office
State of Alabama
501 Washington Avenue
Montgomery, AL 36104

Susan Burrow
1557 College Street
Alexander City, AL 35010

Alabama Attorney General Steve Marshall
Attorney General's Office
State of Alabama
501 Washington Avenue
Montgomery, AL 36104