IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Act. No. 3:19-cv-1028-ECM |
| | ) | (WO) |
| CENTRAL ALABAMA COMMUNITY | ) | |
| COLLEGE and SUSAN BURROW in her | ) | |
| official capacity as President of the Central | ) | |
| Alabama Community College, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a partial motion to dismiss filed by the Defendant Susan Burrow ("Burrow") on January 2, 2020. (Doc. 8).

The Plaintiff, Michael Mann ("Mann"), filed a complaint bringing two claims pursuant to the family-care provision of the Family and Medical Leave Act ("FMLA") against Central Alabama Community College ("CACC") and Susan Burrow in her official capacity as President of CACC. Mann's claims are based on his factual allegations regarding taking FMLA leave to care for his mother.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

Burrow argues that because CACC is a named Defendant, the official capacity claims against her should be dismissed as duplicative. Mann opposes dismissal, arguing that pursuant to *Ex parte Young*, 209 U.S. 123 (1908), his request for prospective equitable and injunctive relief against Burrow in her official capacity does not violate the Eleventh Amendment to the United States Constitution.

Congress validly abrogated Eleventh Amendment immunity for claims brought against the State under the family-care provision of the FMLA. *See Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003). Therefore, Mann's claims against CACC, a state entity, which are brought under the family-care provision of the FMLA do not violate the Eleventh Amendment. *See id.* Because the Eleventh Amendment does not bar his claims, Mann does not have to rely on *Ex parte Young*, and can proceed directly against CACC. *See Ginwright v. Dep't of Rev.*, 2013 WL 1187943, at *5 (M.D. Ala. 2013). In addition, an official capacity claim is essentially the same thing as a claim brought directly against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As a result, allowing Mann's FMLA claims to go forward against CACC as well as Burrow in her official capacity would be "redundant" and "possibly confusing to the jury." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). The claims against Burrow, therefore, are due to be dismissed. *See also Mims v. Georgia Dep't of Corr.*, 2015 WL 5042808, at *4 (S.D. Ga. 2015) (dismissing official capacity FMLA claims as redundant).

For the reasons discussed, it is hereby

ORDERED that the partial motion to dismiss (doc. 8) is GRANTED and all claims against Defendant Susan Burrow are DISMISSED.

Done this 7th day of February, 2020.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE